## Conrad Reichards, Appellee, v. Illinois Furniture Company, Appellant.

### Gen. No. 19,944.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed June 29, 1914.

### Statement of the Case.

Action by Conrad Reichards against Illinois Furniture Company, a corporation, for malicious prosecution. Plaintiff had bought furniture from defendant on the instalment plan and for deferred payments had given his note secured by a chattel mortgage on the furniture purchased. Without notice to or consent of defendant, plaintiff twice removed the mortgaged property to different addresses in Chicago and later went to Cincinnati in quest of employment and his wife removed the property to another address in the city of Chicago. Upon plaintiff's return he was arrested on a complaint filed by defendant charging him with removing mortgaged property without the consent of the mortgagee in violation of section 7, ch. 95, R. S., J. & A. ¶ 7582. Plaintiff was discharged and later brought this action. From a judgment for plaintiff for one hundred and fifty dollars damages, defendant appeals.

SHAEFFER, KOMPEL & ROSENBERG, for appellant.

P. L. O'MEARA, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

MALICIOUS PROSECUTION, § 75*—*when evidence sufficient to show probable cause.* In an action for malicious prosecution, where the facts showed plaintiff had been arrested on a complaint filed by defendant charging him with removing mortgaged property without the consent of the mortgagee in violation of section 7, ch. 95, R. S., J. & A ¶ 7582, and had been discharged, *held* that a judgment for plaintiff could not be sustained for the reason that the evidence showed that defendant had probable cause for instituting the prosecution.